REX DISTRIBUTORS, RESPONDENT, v. JENSEN & MITCHELL, INC., APPELLANT.

Submitted May 6, 1941—Decided July 28, 1941.

Before Justices PARKER, DONGES and COLIE.

For the appellant, *Sylvan ,S. Cohen.*

For the respondent, *Andrew O. Wittreich.*

The opinion of the court was delivered by

PARKER, J. The case presents the curious situation of the sale, as a chattel, of a building owned by defendant-appellant, but standing on leased land of a third party not involved in this suit. Plaintiff bought the building from defendant, paid for it, and later sued for damages, claiming that the building had been represented to be in good condition but that in fact it had a leaky roof and that plaintiff was obliged to spend some $420 in repair and renewal of the roof, for which sum the District Court gave judgment. The defense was that there was no warranty express or implied; and that any agreement by defendant to repair the roof was without consideration.

The transactions relating to the sale were entirely in writing. The first is an agreement under seal dated December

16th, 1938, whereby appellants agree to sell the building and tenancy rights in the land to John Campanella (who testified that he was "a member of the Rex Distributors"). The agreement contains this significant language:

"Said building as erected is upon ground leased at the present time from a third party and said seller is not at this time, the owner of the fee therein. Said building is sold subject to its present condition and as is as to condition and title.

"This contract is entered into upon the knowledge of the Purchaser as to the value of the said building and not as to any other representation as to character, quality or condition."

This was followed by a bill of sale, dated January 6th, 1939, by defendant to plaintiff corporation, and obviously pursuant to the contract. In that bill of sale we find the following language: "Said building is sold subject to its present condition and as is as to condition and title.

"The Purchaser takes upon his own knowledge as to the value of said building and not as to any other representation. as to character, quality or condition."

The mainstay of plaintiff's case was that when the parties met to close the sale, Campanella, on advice of counsel then present, demanded that as a condition precedent to acceptance of the bill of sale and payment of the consideration, the seller should undertake in writing to have the roof repaired. So *Exhibit P-1* was written, signed and delivered. It reads as follows:

"January 6, 1939.

Mr. John Campanella,
51 Reservoir Ave.,
Jersey City, N. J.
Dear Sir:

We understand that there is a leak on the roof of the building being this day conveyed to you by us. We will have the same repaired.

Very truly yours,

Jensen & Mitchell, Inc.

Signed by

James I. Jensen, Pres."

This letter, if legally effective in a contractual sense, would seem to amount to a modification of the bill of sale by negativing the "as is" clause to the extent of repairing "a leak in the roof." But for the letter to be legally effective, it must be supported by some valuable consideration, and we fail to perceive any such consideration. In the first place, the letter was written to Campanella, and not to Rex Distributors. If that corporation be considered as an independent purchaser quite apart from the agreement with Campanella made in December, 1938, it is not a party to the letter in any sense. If, on the other hand, Rex Distributors be considered as in some way an assignee of the Campanella contract of December, 1938, it was entitled to no more than Campanella thereunder, and the supplemental letter to Campanella was not enforceable as a contract, but was a mere gratuity, without consideration, and written simply as an inducement to Campanella to do what he was legally bound to do, namely, perform his contract on the terms set forth and without qualification or variance. *Durant* v. *Block,* 113 *N. J. Law* 509; 13 *C. J.* 354; 17 *C. J. S.* 467.

We think therefore that the trial court should have nonsuited or found for defendant. The judgment is accordingly reversed, and final judgment for defendant below will be entered in this court.